UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:09 CV 452-RLV-DSC

| | |
|---|---|
| SOUTHSIDE CONSTRUCTORS, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THOMPSON GRADING, INC., and )<br>WESTERN SURETY COMPANY, )<br>)<br>Defendants, )<br>) <br>)<br>WESTERN SURETY COMPANY, )<br>)<br>Third-Party )<br>Plaintiff, )<br>)<br>v. )<br>)<br>WEBSTER L. THOMPSON, )<br>LAURA H. THOMPSON, )<br>THE HANOVER INSURANCE )<br>COMPANY, BENNETT PAVING, )<br>INC. and FEREBEE CORPORATION, )<br>)<br>Third-Party )<br>Defendants. ) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Southside Constructors, Inc. and Third-Party Defendant The Hanover Insurance Company's "Motion to Stay and Compel Arbitration ..." (document #6) and "Memorandum on Law in Support ..." (document #10); and Defendant/Third-Party Plaintiff Western Surety Company's "Response ..." (document #11).

This action arises from a construction project in Charlotte, North Carolina commonly referred to as New Birth of Charlotte ("the project"). Plaintiff Southside was the general contractor on the project and entered into a construction contract ("the principal contract") with

the project owner, New Birth Church Holdings, Inc. Pursuant to subcontract with Southside, Defendant Thompson Grading, Inc. was the grading and paving subcontractor. Thompson in turn entered into a subcontract with Third-Party Defendant Ferebee Corporation to provide labor and materials associated with grading and paving services on the project. After Ferebee allegedly failed to perform its obligations, Thompson discharged Ferebee and hired Third-Party Defendant Bennett Paving, Inc. as a replacement and entered into a subcontract with Bennett.

Defendant Western Surety Company issued performance and payments bonds on behalf of Thompson. Third-Party Defendant Hanover Insurance Company is the issuer of Southside's payment bond.

Third-Party Defendants Webster and Laura Thompson are the principals of Thompson Grading, Inc. The Thompsons signed an indemnification agreement individually and on behalf of their company with Western Surety promising to hold Western Surety harmless from all claims, expenses, and costs it might incur as a result of its obligations under the bonds.

Southside instituted this action for breach of contract against Thompson and for breach of contract and claims on the payment and performance bonds issued by Western. Thompson counterclaimed for nonpayment.

Western filed a Third-Party Complaint, which it subsequently amended, seeking indemnification and/or other damages from the Third-Party Defendants.

It is undisputed that the principal contract between Southside and New Birth Holdings contained a valid arbitration clause requiring any dispute arising from the performance of that contract to be submitted to binding arbitration. Southside contends that the subcontract between itself and Thompson incorporated by reference all terms of the principal contract, including the arbitration clause. It is also undisputed that both the Ferebee and Bennett subcontracts contain

clauses requiring Ferebee and Bennett to arbitrate any claims arising from their respective subcontracts in the event Thompson elects or is compelled to arbitrate any claims asserted between Thompson and Southside.

In their Motion, Southside and Hanover ask the Court to stay this action and compel both Defendants (Thompson and Western) to arbitrate their claims. In its response brief, Western, which is proceeding as assignee of Thompson, consents to proceed in arbitration so long as all claims between all parties are arbitrated. With the exception of Ferebee and Bennett, neither of which has responded to the subject Motion, all other parties have informed the Court through counsel that they consent to arbitration.

The issue remaining, therefore, is whether the Court may compel Ferebee and Bennett to arbitrate the third-party claims between themselves and Western. The Federal Arbitration Act ("FAA") establishes a federal policy favoring the enforcement of written agreements to arbitrate. Specifically, the FAA provides that arbitration clauses "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (1999). The FAA requires courts to stay the proceeding and compel arbitration in the event of a refusal to comply with a valid agreement to arbitrate. See 9 U.S.C. § 3 (1999).

The Supreme Court has instructed that "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 26 (1991), quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). "Pursuant to that liberal policy, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to

arbitrability. " Moses H. Cone, 460 U.S. at 24-25. See also Choice Hotels Intern., Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 710 (4th Cir. 2001); Long v. Silver, 248 F.3d 309, 315-16 (4th Cir. 2001); and O'Neil v. Hilton Head Hosp., 115 F.3d 272, 273-74 (4th Cir. 1997).

Applying these legal principles, the Court will order Ferebee and Bennett to arbitrate this dispute along with the other parties. Indeed, it is undisputed that the subcontracts between Defendant Thompson and these Third-Party Defendants provide that they must submit to arbitration if Thompson elects to arbitrate its claims with Southside.

**IT IS HEREBY ORDERED** that**:**

1. Plaintiff Southside Constructors, Inc. and Third-Party Defendant The Hanover Insurance Company's "Motion to Stay and Compel Arbitration" (document #6) is **GRANTED**, that is, the parties are **ORDERED** to submit all claims in this litigation to binding arbitration pursuant to the provisions of their arbitration agreements, and this matter is **STAYED** pending the outcome of the arbitration. Within 30 days of the issuance of an arbitration award or other resolution of that proceeding, the parties' counsel, jointly or severally, shall report the results to the Court.

2. The Clerk is directed to send copies of this Order to counsel; and to the Honorable Richard L. Voorhees.

**SO ORDERED**.    Signed: January 21, 2010

David S. Cayer
United States Magistrate Judge